Earl MOON, Appellant,

v.

CITY OF SEDALIA, Respondent.

No. WD 38308.

Missouri Court of Appeals, Western District.

Jan. 27, 1987.

James D. Worthington (Aull, Sherman, Worthington & Gierza, of counsel), Lexington, for appellant.

William C. Martucci and Shirley E. Goza (Spencer, Fane, Britt & Browne, of counsel), Kansas City, R. Scott Gardner, City Counselor, Sedalia, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PRITCHARD, Presiding Judge.

Appellant had summary judgment entered against him on his claim for damages against respondent contained in a three count petition for breach of contract—wrongful discharge, violation of constitutional rights and emotional distress. The summary judgment was granted before any testimony was taken, the trial court ruling that appellant, an ordinary laborer-

employee of the City in its street and alley maintenance department, was an employee at will and the "Personnel Policies and Procedures Manual", adopted by ordinance insofar as it purports to grant to appellant a contractual right to continued employment terminable only for cause and only upon compliance with discharge and hearing procedures in the manual, is ultra vires and unenforceable.

Sedalia is a third-class municipal corporation. Appellant had been employed by the City for about 10 years and was a garbage truck driver in its Street and Sanitation Department. On November 9, 1984, a meeting was had between Tom Biggs, appellant's supervisor, and certain employees at which appellant was present. During the meeting, appellant exhibited insubordinate activity and Biggs made a decision to terminate appellant's employment. He discussed the matter with the City's mayor and obtained his oral approval. On Tuesday, November 13, 1984, Monday being a holiday, Biggs met with the City Administrator, Mark Durbin, to discuss the termination, and Durbin investigated the incident which occurred at the previous meeting, personally discussing it with appellant. Durbin then talked with the mayor who again agreed to the dismissal. Durbin signed a written letter of dismissal which advised that it was based on appellant's "Insubordination that constitutes a serious breach of discipline."

Appellant first contends that the "Personnel Policies and Procedures Manual" created a valid, binding and lawful contract between him and the City under which he could not be terminated except for cause, and only upon its procedures for notice and opportunity to be heard upon the "cause" issue. The City contrarily contends that there exists no legislative authority to change appellant's status from one of employment at will.

Section 77.340, RSMo 1978, provides that the mayor of a third class city, with the consent of a majority of all the members elected to the city council, may remove from office for cause shown, any elective

officer of the city, such officer first being given opportunity, together with his witnesses, to be heard before the council, sitting as a court of impeachment. Or an elective officer may be removed by a two-thirds vote of all the members of the council independently of the mayor's approval or recommendation.

Appellant is neither an elected officer nor an appointed officer, and the Legislature has seen fit not to include one in his employment status within the protection of any statute similar to § 77.340. Note that § 85.541 grants authority to a third class city, at its option, to establish a merit system police department, with provision for a public hearing before the personnel board for any person suspended, demoted or discharged for misbehavior or inefficiency. No like protection is granted to other third class city employees.

In declaring that the City had no power to enter into collective bargaining contracts with public employees through a union, the court in *City of Springfield v. Clouse*, 206 S.W.2d 539, 546[10–14] (Mo. banc 1947), said, " 'Missouri cities have or can exercise only such powers as are conferred by express or implied provisions of law; their charters being a grant and not a limitation of power, subject to strict construction, with doubtful powers resolved against the city.' [Citing case and authority.]" See also *Sumpter v. City of Moberly*, 645 S.W.2d 359 (Mo. banc 1982); *Anderson v. City of Olivette*, 518 S.W.2d 34, 37–38 (Mo.1975); and *Pumphrey v. City of Lutesville*, 707 S.W.2d 475 (Mo. App.1986); and consult § 432.070, RSMo 1978, restricting the right of a city to make any contract unless the same shall be within the scope of its powers or be expressly authorized by law. As a result of these cases, appellant is but an employee at will, subject to discharge "at any time, without cause or reason, or for any reason and in such case, no action can be obtained for wrongful discharge." *Amaan v. City of Eureka*, 615 S.W.2d 414, 415[1] (Mo. banc 1981) [discharge of police officers of a fourth class city]; *State ex rel. Lukas v.*

*City of Sikeston*, 668 S.W.2d 127 (Mo.App. 1984) [discharge of a public safety officer of a third class city which had adopted the city manager form of government]; *Carner v. City of Excelsior Springs*, 674 S.W.2d 274 (Mo.App.1984) [suspension of a police officer of a third class city]; *Johnson v. City of Buckner*, 610 S.W.2d 406 (Mo.App.1980) [discharge of a police officer of a fourth class city]; *Cooper v. City of Creve Coeur*, 556 S.W.2d 717 (Mo. App.1977) [discharge of a police officer of a fourth class city]; and *Russell v. City of Raytown*, 544 S.W.2d 48 (Mo.App.1976) [dismissal of city counsellor of a fourth class city by the mayor with the concurrence of a majority of the board of aldermen. The counsellor relied upon an ordinance prohibiting the firing of an employee except for cause, but the court held that the ordinance, restricting the power of removal of an appointed officer, was contrary to state law and could not operate so as to infringe that power].

The above authority is sufficient to rule the case adversely to appellant, but he nonetheless contends that the adoption of the Personnel Policies and Procedures manual by the city created a contractual right to continued employment except for "cause." Paragraph 1.01 of the manual merely says that the purpose of the policies and procedures is to promote efficiency and economy by establishing *normal procedures which will serve as a guide* to administrative action concerning various personnel activities and transactions which will or may occur. It does not in any way create a contractual right in an employee such as appellant. Paragraph 4.01 provides that employment of any person shall be at the pleasure of the mayor. If appellant's contention were, or could be, adopted, it would infringe the mayor's prerogatives under Paragraph 4.01.

Appellant also contends that he had a property right in an expectation interest of continued employment by reason of the adoption of the manual, which brought into play the due process considerations of *Board of Regents v. Roth*, 408 U.S. 564, 92

S.Ct. 2701, 33 L.Ed.2d 548 (1972), and like cases. Appellant was certainly not a tenured employee, and he had no specified term of employment, and his discharge did not deprive him of any property interest protected by the fourteenth amendment, nor did the failure to afford him a hearing constitute a deprivation of due process rights thereunder. *Amaan,* supra, at page 416.

The judgment is affirmed.

All concur.