683 F.Supp. 212 (1988)
Stephen BUTCHER, Plaintiff,
v.
CITY OF SIKESTON, et al., Defendants.
No. S87-0193C (5).
United States District Court, E.D. Missouri, Southeastern Division.
April 6, 1988.
Albert C. Lowes, Lowes and Drusch, Cape Girardeau, Mo., for plaintiff.
John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for defendants.

ORDER
LIMBAUGH, District Judge.
This matter is before the Court to consider the motions of various defendants to dismiss plaintiff's complaint.[1] Plaintiff, a former police officer with the Sikeston, Missouri Department of Public Safety was terminated from his employment with the department after an investigation and recommendation by certain police captains that he be dismissed. The Sikeston City Manager, defendant Ward, made the decision to end plaintiff's employment. Plaintiff was given a hearing with regard to his termination but he now challenges the sufficiency of that hearing and asserts, pursuant to 42 U.S.C. § 1983, that he has been deprived of a property interest in his employment and a liberty interest relating to future employment opportunities in violation of the Fourteenth Amendment's guarantee of due process.
The defendants have set forth rather extensive arguments as to why they are each immune from suit as well as other theories regarding the viability of plaintiff's cause. Rather than examining each of those issues of law separately, the Court believes the most prudent course is to examine the nature of plaintiff's asserted property and liberty interests to determine whether he has indeed suffered a deprivation of either of these constitutionally protected interests. *213 Turning first to the property interest question, plaintiff argues that he had an implied contract of employment with the City of Sikeston based on certain policies and procedures contained in a Sikeston personnel manual and Department of Public Safety Rules and Regulations.
In Hogue v. Clinton, 791 F.2d 1318 (8th Cir.1986), the Eighth Circuit Court of Appeals held that the existence of grievance procedures in circumstances similar to these did no more than create a unilateral expectation of continued employment insufficient to entitle a discharged Arkansas State employee to a pretermination hearing. Central to the panel's holding was the principle that grievance procedures which "do not restrict or even guide [the] agency's decision-making by allowing for termination only under certain circumstances or for specific reasons" "do not create a property interest in continued employment." Id. at 1324. Similarly, in Stow v. Cochran, 819 F.2d 864 (8th Cir.1987), the Court of Appeals held that a defacto grievance procedure that creates only an expectancy of review and does not place significant substantive restrictions on the decisionmaker's discretion, does not create a property interest in continued employment.
In this case, none of the proffered rules, regulations, or procedures, placed any substantive restriction on the City Manager's authority to discharge the plaintiff for any reason. Assuming, for purposes of this motion, that the procedures afforded plaintiff prior to his termination were inferior to those outlined in the handbook or department regulations, full implementation of those procedures would not have afforded him any degree of substantive entitlement. Property interests are created and their dimensions defined by existing rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. Board of Regents v. Roth, 408 U.S. 564 at 577, 92 S.Ct. 2701 at 2709, 33 L.Ed.2d 548. A property interest in employment can be created by ordinance or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law. Bishop v. Wood, 426 U.S. 341 at 344, 96 S.Ct. 2074 at 2077, 48 L.Ed.2d 684 (1976).
In Missouri, an employee handbook such as the Sikeston Personnel Manual does not create any enforceable rights upon which an employee may rely in challenging his termination or other disciplinary action. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661 (Mo. Banc 1988).[2] In addition, in a case involving a dismissed Sikeston police officer, a Missouri Court of Appeals has held that the Sikeston City Manager has the authority to discharge police officers such as plaintiff without a hearing. State ex rel. Lukas v. City of Sikeston, 668 S.W.2d 127 (Mo.App.1984). In so holding, the Lukas court rejected arguments that Sikeston's Department of Public Safety is a defacto merit system police department under R.S.Mo. § 85.541, a status that would impose significant procedural obligations on the city as well as providing that officers would serve "during good behavior and efficient service." R.S.Mo. § 85.541.
The facts of Lukas are very similar to those in the case at bar. The plaintiff there was employed by the Sikeston Department of Public Safety with duties that primarily involved traditional police work. Like the plaintiff here, Officer Lukas was called before a "Board of Inquiry" to answer certain charges of misconduct. After the board meeting, which the officer attended, it was recommended that he be dismissed. The city's Director of Public Safety agreed with this recommendation and the matter was then reviewed by the City Manager. By letter, the City Manager notified the officer that his employment with the department was terminated. Lukas filed suit in state circuit court seeking a writ of mandamus to compel the City of Sikeston to reinstate him and to hold a public hearing regarding the charges *214 against him. The trial court denied this relief and on appeal, the state Court of Appeals held:
In Missouri, the rule is well established that in the absence of a contract for employment for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, without cause or reason, or for any reason, and in such cases, no action can be obtained for wrongful discharge.
* * * * * *
On the record before us, we hold that Sikeston, acting through its officials as it did, had the right to terminate Lukas's employment without a public hearing.
Lukas, 668 S.W.2d at 132.
In responding to defendants' motions to dismiss, plaintiff has cited no statute, ordinance or authority that will provide him with a basis to assert that he held a property interest in his former employment. The defendants maintain that there is no such provision and the Court believes that they are correct. As discussed earlier in this memorandum, the provisions cited to the Court by the plaintiff have no legal force that would in any way interfere with the Sikeston City Manager's discretion to hire and fire employees such as plaintiff.[3]See also, Moon v. City of Sedalia, 723 S.W.2d 597 (Mo.App.1987).
With regard to plaintiff's contention that he has been deprived of a liberty interest, he maintains that his good name and reputation have been so badly damaged by his dismissal that he has lost significant employment and/or associational opportunities. See, Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). While this concept of a liberty interest is firmly established by the caselaw, the Supreme Court has held that there is no deprivation until a public disclosure of the reasons for the employee's discharge is made. Bishop v. Wood, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976).[4]
In his opposition to the motions to dismiss, plaintiff argues that an article published in the Sikeston Democrat Advertiser on September 30, 1987 constitutes the type of public disclosure necessary to damage plaintiff's liberty interest. The article provides in pertinent part:
Following an internal investigation by the Sikeston Department of Public Safety, Lt. Steven Butcher was discharged at 5 p.m. Monday "without prejudice for the good of the Department," according to the office of the City Manager Dan Ward.
Ward declined to comment on why Butcher, who joined the Department in January of 1981, was released.
The article further explains that plaintiff had been promoted to the rank of lieutenant in 1985 and that he had been transferred to a criminal investigation unit in August of 1986.
Plaintiff seizes upon the City Manager's comment that the termination was for the "good of the department" as a disclosure sufficient to constitute a liberty interest deprivation as contemplated by Bishop. This Court does not agree. Defendant Ward's statement is hardly the type of specific disclosure that has concerned the Supreme Court and it is barely more than a mere notification of the fact of plaintiff's discharge itself. Without a more specific factual basis for the purported reasons for plaintiff's termination, it is apparent that this statement will not likely prejudice him to any greater degree than the public's knowledge of his termination, a disclosure that clearly does not suffice to provide a liberty interest deprivation.
*215 In sum, plaintiff did not have a property interest in his employment with the City of Sikeston nor did he suffer a deprivation of any liberty interest as a result of his termination. Without such constitutional deprivations, none of the defendants in this action can be civilly prosecuted pursuant to 42 U.S.C. § 1983.
Accordingly,
IT IS HEREBY ORDERED that defendants' motions to dismiss are GRANTED.
NOTES
[1] Defendants have titled their motions as motions "attacking plaintiff's complaint." The defendants have filed a joint memorandum of law supporting their motions to dismiss.
[2] Plaintiff's citation to Arie v. Intertherm, Inc., 648 S.W.2d 142 (Mo.App.1983) was an accurate statement of Missouri law at the time plaintiff's brief was filed. The holding in Johnson, however, has effectively overruled Arie and other cases of its genre.
[3] R.S.Mo. § 78.600 provides that in third-class cities adopting a city manager form of government, the city council shall appoint a city manager who shall have the authority to appoint and discharge city employees other than the city clerk, city assessor, and city treasurer. While the city council is given the power to make rules and regulations governing the appointment/discharge process, it appears that Sikeston has not issued any rules that have restriced the city manager's authority in this area.
[4] Bishop involved an employee who was considered terminable at will. Since this Court has found that the plaintiff had no property interest in his continued employment and was thus an employee at will, the Bishop decision is directly controlling in this case.