Dianne E. **MEYER**, Plaintiff,

v.

Wally **GEORGE**, et al., Defendants.

No. 87–0794–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

March 21, 1989.

---

William E. Erdrich, St. Joseph, Mo., for plaintiff.

Robert B. Best, Jr., Emily Jane Bailey and Lawrence R. Leonard, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

This action results from plaintiff's arrest and detention in the Saline County Jail on March 17–18, 1986, and the subsequent termination of plaintiff on March 18, 1986, from her position as cook of the Saline County Jail. Plaintiff's complaint states that her action is based on 42 U.S.C. § 1983, the Fourth and Fifth Amendments to the United States Constitution and Missouri law. Complaint at 1–2. Plaintiff seeks damages in the amount of $750,000 for her alleged wrongful arrest and detention, and $250,000 for her alleged wrongful termination.

Defendants are Wally George and Richard Downing, sued individually and in their official capacities as sheriff and deputy sheriff of Saline County, Missouri, and "The County of Saline, Missouri, c/o Charlie Guthery, Mary Jo Sullivan & Joe Thompson, County Commission of Saline County, Missouri." Complaint at 1. Defendants Guthery, Sullivan and Thompson were serving as Saline County Commissioners in March 1986 and "are sued in their official capacity only." Complaint at 3.

On July 15, 1988, defendants filed a motion for summary judgment arguing that they are entitled to judgment in their favor on each claim asserted by plaintiff.

### I. Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the Court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed. 2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). *See also City of Mt. Pleasant v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party

who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* 106 S.Ct. at 2511. The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* 106 S.Ct. at 2512.

## II. *Discussion*

### A. Plaintiff's Wrongful Arrest and Detention Claims

■ Although there appear to be various factual disputes, the facts set forth in de-fendants' Memorandum in Support of Defendants' Motion to Dismiss or for Summary Judgment" (Doc. 28) at 2–25 and in defendants' Reply (Doc. 44) at 3–8, that are not disputed by plaintiff, establish Deputy Sheriff Downing and Sheriff George reasonably believed that plaintiff's arrest and detention were lawful. Moreover, plaintiff's arrest and detention were supported by probable cause. Therefore, for the reasons stated by defendants in their memorandum at 27–34 and 37–42 and in their reply at 9–15, summary judgment will be granted in favor of defendants on plaintiff's claims for wrongful arrest and detention.

### B. Plaintiff's § 1983 Claims Against Saline County, Missouri, and Defendants Guthery, Sullivan and Thompson

■ The basis for plaintiff's claim against the county is stated at 16 of plaintiff's Suggestions to Opposition (Doc. 42): "Since the sheriff is an elected official of the county, his acts are the acts of the county. Therefore the county would be liable for the violation of the plaintiff's Fourth and Fourteenth Amendment rights by the arrest and detention and for her firing."

The county cannot be held responsible under § 1983 solely because the sheriff and deputy sheriff were employees. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 663 n. 7, 98 S.Ct. 2018, 2022 n. 7, 56 L.Ed.2d 611 (1978). Plaintiff has not alleged that the governing body of the county directed the allegedly wrongful conduct or had actual knowledge of the alleged wrongdoing and acquiesced in it.

Accordingly, for the reasons stated by defendants in their memorandum at 34–35 and 42–43, and in their reply at 16, plaintiff's § 1983 claims against Saline County, Missouri, and defendants Guthery, Sullivan and Thompson will be dismissed.

### C. Plaintiff's Claim for Wrongful Discharge

■ Plaintiff concedes that she did not have an employment contract with the

county. Furthermore, plaintiff has failed to establish that she had a protectable property interest in her employment that would entitle her to procedural due process. Accordingly, plaintiff was an "employee at will" under Missouri law. *See Moon v. City of Sedalia,* 723 S.W.2d 597, 599 (Mo.App.1987). An employee at will can be discharged for cause or without cause and the employer will not be liable for wrongful discharge. *Johnson v. McDonnell Douglas Corp.,* 745 S.W.2d 661, 662 (Mo. banc 1988).

Therefore, for the reasons stated in defendants' memorandum at 36–37 and 43–44 and in their reply at 16–17, summary judgment will be granted in favor of defendants on plaintiff's claim for wrongful discharge.

### Conclusion

Accordingly, it is hereby ORDERED that summary judgment is granted in favor of defendants.