**Donald D. NULSEN, Plaintiff,**

v.

**CITY OF LOUISIANA, MISSOURI, Defendant.**

**No. N 90–0061 C.**

United States District Court, E.D. Missouri, N.D.

Nov. 14, 1990.

**154**

Charles E. Stine, Jr., Hannibal, Mo., for plaintiff.

Joseph D. Welch, Hannibal, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motion of defendant, the City of Louisiana, Missouri (City), to dismiss plaintiff's complaint, or in the alternative, to make more definite and certain. Plaintiff, a former employee of the City Board of Public Works, brings this two count complaint alleging due process violations and breach of contract in connection with his discharge from employment. In Count I of his complaint plaintiff alleges that the City's failure to provide him with a hearing before terminating his employment deprived him of his constitutionally protected property interest in continued employment. He further alleges in Count I that his discharge without a hearing deprived him of a constitutionally protected liberty interest to pursue his chosen employment by damaging his reputation as an employee.

In Count II plaintiff alleges that the City's actions constituted a breach of his employment contract with the City as embodied in an employee handbook entitled "Employee Policy Book—City of Louisiana, Missouri."

The City has moved to dismiss, citing numerous deficiencies in plaintiff's complaint. The Court will address only those noted deficiencies which it finds to be dispositive of plaintiff's claims.

The City contends that plaintiff was an at-will employee and did not possess a protectable interest in continued employment under Missouri law. In support of this contention, the City offers *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 661–62 (Mo.1988), in which the Missouri Supreme Court refused to recognize a handbook exception to the employment-at-will doctrine. In addition, the City contends that plaintiff, as a public employee of a third class city, is subject to Mo.Rev.Stat. § 77.340 which provides that the mayor may remove any appointive officer of the city *"at will"*. The City further asserts that plaintiff has failed to allege publication, an essential element of the claim for violation of his liberty interest in preserving his employment reputation.

In response, plaintiff contends that the holding in *Johnson* is inapplicable here because the employee handbook on which he relies is more definite and detailed than the handbook at issue in *Johnson*. Plaintiff has not offered additional refutation of the City's other contentions.

In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1216 at 120 (1969). A complaint is sufficient if it "contains[s] allegations from which an inference fairly may be drawn that evidence on those material points will be introduced at trial." *Id.* at 122–23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102.

■ Having reviewed plaintiff's complaint, the City personnel manual and the arguments of the parties, the Court concludes that plaintiff was unquestionably an employee-at-will and did not possess an enforceable right to continued employment. *See Stow v. Cochran,* 819 F.2d 864 (8th Cir.1987); *Hogue v. Clinton,* 791 F.2d 1318 (8th Cir.1986); *Butcher v. City of Sikeston,* 683 F.Supp. 212 (E.D.Mo.1988); *see also* Mo.Rev.Stat. § 77.340. Under Missouri law, policies and procedures such as those contained in the City personnel manual do not give rise to a contractual right to continued employment. *Johnson v. McDonnell Douglas,* 745 S.W.2d at 661–62; *Butcher v. City of Sikeston,* 683 F.Supp. at 213. They are not couched in mandatory language nor do they supersede the Mayor's statutory authority to discharge appointive officers at will. *See, e.g.,* Employee Policy Book—City of Louisiana, Mo. at Article XII § 1(b) ("Discipline shall be, *whenever possible,* of increasingly progressive nature . . .") (emphasis supplied); *see also* Mo.Rev.Stat. § 78.600; *Moon v. City of Sedalia,* 723 S.W.2d 597 (Mo.Ct.App. 1987). Accordingly, plaintiff's claims for deprivation of a property interest in Count I and for wrongful discharge in Count II must fail.

■ In addition, the Court agrees with the City's contention that plaintiff's failure to plead publication of allegedly stigmatizing information is fatal to his claim. *See Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); *Butcher v. Sikeston,* 683 F.Supp. at 214. Therefore, plaintiff's claim for deprivation of a liberty interest must fail.

### ORDER

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff's complaint in its entirety shall be and it is granted.